IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL LAKE, | § | |
| | § | |
| Defendant Below, | § | No. 678, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID No. 0805015216 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 9, 2015
Decided:  March 12, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 12th day of March 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Daniel Lake, filed this appeal from the Superior Court's December 4, 2014 order sentencing him for his fifth violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Lake's opening brief that the appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in July 2008, Lake was charged by information with multiple sexual offenses involving a minor, including Continuous Sexual Abuse of a Child and Rape in the Fourth Degree. In September 2008, Lake pled guilty to two counts of Rape in the Fourth Degree. Lake was sentenced as follows: (i) for one count of Rape in the Fourth Degree, five years of Level V incarceration, with credit for 165 days previously served, suspended for one year of Level IV Work Release, followed by eighteen months of Level III probation; (ii) for the other count of Rape in the Fourth Degree, three years of Level V incarceration, suspended for eighteen months of Level III probation. Lake's sentence included a no-contact with the victim and victim's family condition and a no-contact with any minors under eighteen condition. Lake did not appeal.

(3) In orders dated February 18, 2011, November 8, 2011, September 20, 2012, and March 19, 2013, the Superior Court found that Lake had violated his probation and resentenced him. Under the March 19, 2013 order, Lake was sentenced as follows: (i) for one count of Rape in the Fourth Degree, four years of Level V incarceration, with credit for 70 days previously served, suspended for eight months Level IV VOP Center; and (ii) for the other count of Rape in the Fourth Degree, three years of Level V incarceration, suspended for eighteen months of Level II probation.[2] The March 19, 2013 order was modified on

---

[2] Lake was discharged as unimproved for a 2011 conviction for Promoting Prison Contraband.

October 8, 2013 to provide that Lake could have contact with his child, who was to be born in December 2012.

(4) In November 2014, an administrative warrant was filed for Lake's fifth VOP. The VOP report alleged that Lake had violated the no-contact with victim condition and the no-contact with any minors under eighteen (other than his child) condition of his sentence. According to the report, Lake admitted to living with the victim and her fifteen year-old sister and admitted that the victim was the mother of the child born in December 2012. The report also alleged that Lake had committed a new moving motor vehicle offense.

(5) On December 4, 2014, the Superior Court found that Lake had violated his probation. Lake was sentenced as follows: (i) for one count of Rape in the Fourth Degree, discharged as unimproved; (ii) for the other count of Rape in the Fourth Degree, three years of Level V incarceration, with credit for fourteen days previously served, suspended after two and a half years for six months of Level III probation. This appeal followed.

(6) On appeal, Lake contends that: (i) the victim's visits with him at the VOP center in 2013 and her presence at his residence during several visits with his probation officer in 2012 and 2014 led him to believe that the no-contact with the victim and her family condition was lifted; (ii) the no-contact with the victim and her family condition was unreasonable in light of the fact that he could have

contact with his child, who was the daughter of the victim, and his father's marriage to the victim's mother; and (iii) his sentence is too long in light of his original five year sentence, the time he has already served in prison or on probation, and his status as the sole provider for his family. These contentions are without merit.

(7)    To the extent Lake contends that the Superior Court's VOP finding was erroneous because he was led to believe that the no-contact with the victim and her family condition was lifted and the condition was unreasonable, the Court does not have an adequate basis to review this claim. Lake did not follow the procedures to obtain a transcript of the December 4, 2014 VOP hearing and no transcript was provided to the Court.[3]  In the absence of a transcript, the Court cannot review a claim of insufficient evidence or of other errors in a VOP hearing.[4]

(8)    We also note there is no indication in the record that Lake ever sought clarification from his probation officer or the Superior Court regarding the terms of the no-contact with victim condition. The Superior Court denied the victim's

---

[3] Because it was unclear from the Directions to Court Reporter that Lake filed if he wanted a transcript of the December 4, 2014 hearing, the Clerk informed Lake by letter of the procedures for obtaining a transcript at State expense. Lake was directed to take the necessary steps for obtaining a transcript or to inform the Court if he did not intend to request a transcript by February 19, 2015. Lake did not respond to the Clerk's letter and did not file any documents reflecting a transcript request with the Court.

[4] *Lopez v. State*, 2013 WL 458174, at *s (Del. Feb. 5, 2013) (citing *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987)).

4

request to lift the no-contact condition in January 2012. Moreover, Lake does not claim to have believed that the no-contact with any minors under eighteen (other than his child) condition was lifted. Under these circumstances, the Superior Court did not err in finding Lake violated his probation.

(9) As to Lake's claims regarding the length of his sentence, this Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[5] Once Lake committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Lake's sentences for his Rape in the Fourth Degree convictions.[6] Lake was discharged as unimproved for one of his Rape in the Fourth Degree convictions, but had another Rape in the Fourth Degree conviction. The Level V sentence imposed by the Superior Court after Lake's fifth VOP for the second Rape in the Fourth Degree conviction—three years of Level V incarceration, with credit for fourteen days previously served, suspended after two and a half years for six months of Level III probation—did not exceed the three years of Level V time previously suspended and was within statutory limits.

---

[5] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

[6] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice